IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2010 Session

# JACK MARLER VAN HOOSER v. SUSAN MCCREIGHT VAN HOOSER

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002691-06, Div. VI      Jerry Stokes, Judge**

**No. W2009-01191-COA-R3-CV - Filed February 22, 2010**

This is an appeal from the trial court's award of alimony, division of marital property, and grant of divorce. Husband filed the initial complaint for divorce. Subsequently, wife filed a counter-complaint seeking a decree of legal separation. Wife later amended her counter-complaint to allege fraud and sought damages based on her fraud claim. Because the trial court failed to rule on the wife's claim of fraud, no final judgment exists. Accordingly, this court lacks subject matter jurisdiction and the appeal is dismissed.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal Dismissed and Remanded**

J. STEVEN STAFFORD, J., delivered  the opinion of the Court,  in  which ALAN E. HIGHERS, P.J., W.S. and DAVID R. FARMER, J., joined.

Mitchell D. Moskovitz and Adam N. Cohen, Memphis, Tennessee, for the appellant, Susan McCreight Van Hooser.

Richard F. Vaughn and William Craig Hall, Collierville, Tennessee, for the appellee, Jack Marler Van Hooser.

## OPINION

On May 23, 2006, Appellee, Jack Marler Van Hooser ("Mr. Van Hooser"), filed a complaint for divorce. When he filed for divorce, Mr. Van Hooser and his wife, Susan McCreight Van Hooser ("Mrs. Van Hooser"), Appellant, had been married for approximately thirteen years. Mr. Van Hooser alleged grounds of irreconcilable differences and inappropriate marital conduct. Mrs. Van Hooser filed an answer to the complaint on June 28, 2006 denying all allegations and asking that the complaint be dismissed. Prior to the marriage at issue, Mr. Van Hooser had been married and divorced, with one child resulting from the marriage.

Mrs. Van Hooser filed a motion with the trial court on November 7, 2007, requesting permission to file a Counter-Complaint for a Decree of Legal Separation. By consent, the parties entered into an order on November 27, 2007, allowing Mrs. Van Hooser to file a Counter-Complaint. On December 6, 2007, Mrs. Van Hooser filed her Counter-Complaint for Decree of Legal Separation alleging grounds of irreconcilable differences and inappropriate marital conduct, asserting that she is dependent on Mr. Van Hooser's health insurance policy, and requesting that she be granted a Decree of Separate Maintenance and Support. On January 3, 2008, Mr. Van Hooser filed an answer to the counter-complaint, denying that he is guilty of inappropriate marital conduct, and requesting that the court dismiss the counter-complaint.

On August 22, 2008, Mrs. Van Hooser filed a motion requesting permission to amend her counter-complaint to allege fraud. On December 5, 2008, Mrs. Van Hooser filed an amendment to her counter-complaint, incorporating her original counter-complaint and alleging fraud.[1] Specifically, Mrs. Van Hooser alleged: (1) one week prior to the hearing before the Divorce Referee, Mr. Van Hooser entered into a Consent Order Reducing Arrearage to Judgment and Order Modifying Child Support with his first wife; (2) at no time prior to entering into this order was a petition for contempt filed against Mr. Van Hooser; (3) she believed Mr. Van Hooser conspired with his first wife prior to the hearing before the Divorce Referee to reduce his income and therefore his obligation for temporary support and alimony; (4) Mr. Van Hooser voluntarily assumed expenses not contained in the original Marital Dissolution Agreement in an effort to reduce his income and to prevent it from being used for alimony; and (5) no wage assignment was ever issued in compliance with the consent order as of a year after the entry of the consent order. Pursuant to these allegations, Mrs. Van Hooser asked the trial court to find that Mr. Van Hooser had engaged in fraud and award damages and other relief accordingly.

Mr. Van Hooser filed an answer on December 8, 2008, asserting the defenses of failure to state a claim upon which relief may be granted, lack of subject matter jurisdiction, and statute of limitations. Mr. Van Hooser admitted having entered into a consent order, and that no contempt petition had been filed against him, but averred that his first wife had told him she was going to file a petition to modify child support, that the arrearages were legitimate based on the uniform child support guidelines, and that he entered into the consent order to avoid needless litigation. Further, Mr. Van Hooser admitted that no wage assignment had been issued, but submitted that he had been in compliance with the consent order since its entry.

---

[1]We note that while Mrs. Van Hooser's amended complaint states that the trial court granted her permission, no order granting permission appears in the record. However, at no place in the record or on appeal, does Mr. Van Hooser object to the amendment.

A trial was held on March 11 and 12, 2009. The trial court ruled from the bench and a Final Decree of Divorce was entered on April 17, 2009, reflecting the trial court's ruling. In the Final Decree the trial court declared the parties divorced, divided marital property and provided for alimony for Mrs. Van Hooser. Specifically, the trial court ordered that the martial home be sold, that Mr. Van Hooser be responsible for making necessary and reasonable repairs to the home, that he be responsible for paying the mortgage until the home sells, and that the parties share equally in the profit or loss from the sale of the home. The trial court found that the wife was currently unemployable and financially dependent on Mr. Van Hooser, and accordingly awarded her transitional alimony in the amount of seven hundred and fifty dollars for thirty-six months. The trial court ordered that upon termination of the transitional alimony, Mr. Van Hooser shall pay alimony *in futuro* in the amount of five hundred dollars a month. Further, the trial court ordered that Mr. Van Hooser pay his wife's COBRA health insurance premiums for thirty-six months. Mrs. Van Hooser was awarded all of her husband's State of Tennessee 3401(k) plan.[2] Mr. Van Hooser received exclusive ownership of his Tennessee Consolidated Retirement System Pension Account. Each party retained their individual checking and savings accounts and the car that was in their possession. The trial court divided personal property pursuant to the agreement of the parties. The trial court held that Mr. Van Hooser was responsible for the debt owed to his father, the debt owed on marital credit cards, and Mrs. Van Hooser's medical bills incurred before trial. The trial court held Mrs. Van Hooser responsible for loans from her friend, John Alongi, and charges made on her mother's credit card. Finally, the trial court held that each party would be responsible for their own attorney fees.

On April 9, 2009, Mrs. Van Hooser filed a motion to alter or amend the final judgment. Mrs. Van Hooser asked the court to increase the alimony awarded and to alter or amend the property division. Further, Mrs. Van Hooser submitted that the trial court failed to make a finding on her claim of fraud and dissipation and asked the court to alter or amend the Final Decree to reflect the dissipation. Mr. Van Hooser filed a response on April 16, 2009, requesting that the trial court deny the motion to alter or amend. The trial court entered an order on May 4, 2009, increasing Mrs. Van Hooser's transitional alimony to one thousand dollars a month and alimony *in futuro* to seven hundred and fifty dollars a month, and denying the remainder of Mrs. Van Hooser's motion. Mrs. Van Hooser then appealed.

On appeal, Mrs. Van Hooser raises the following issues for our review:

1.     Did the trial court err by awarding Wife an insufficient

---

[2]We note that in the Final Decree this account is referred to as a 3401(k) plan. However, in the transcripts from the trial court's ruling and in both parties' briefs this account is referred to as the State of Tennessee 401(k) plan.

amount of alimony?

2. Did the trial court err in its property division?

3. Did the trial court err by granting a divorce, as opposed to a legal separation?

Mr. Van Hooser raises the following issue on appeal:

1. Whether the trial court erred in awarding transitional alimony in excess of the Husband's ability to pay and by awarding alimony *in futuro*?

Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); ***Ruff v. State***, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990). Rule 3(a) of the Tennessee Rules of Appellate Procedure limits the subject matter jurisdiction of appellate courts to final judgments:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 or in Rule 54.02 of the Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

***Id.*** If the trial court did not adjudicate all of the parties' claims, it did not enter a final judgment. Without a final judgment, this Court does not have subject matter jurisdiction.

Mrs. Van Hooser formally amended her complaint to allege fraud and requested damages and any other just relief based on this allegation. While it may be questionable whether her complaint was properly amended as no order granting permission to amend appears in the record, Tenn. R. Civ. P. 15.02 requires consideration of all issues that are tried

-4-

by express or implied consent, even if not raised by the pleadings. Upon review of the record, we find that the parties actually litigated the issue of fraud without objection.

This Court finds that the trial court did not adjudicate Mrs. Van Hooser's claim for fraud. There is no indication in the Final Decree or from the transcript of the trial court's ruling, from which we can find that the trial court ruled on the fraud claim. Additionally, Mrs. Van Hooser pointed out this error to the trial court in her motion to alter or amend. While the trial court, in response to the motion, did alter the award of alimony, it simply denied the remainder of the motion, making no statement whatsoever concerning the allegation of fraud or Mrs. Van Hooser's contention that the trial court failed to make a finding on this claim. At oral argument, counsel for Mrs. Van Hooser stated that the trial court did not address the fraud claim. In response, counsel for Mr. Van Hooser stated that the trial court impliedly found no credence in Mrs. Van Hooser's claim for fraud by declining to find dissipation of assets. We first note that the trial court did not address dissipation of assets in his ruling from the bench, the Final Decree, or in his Order on the motion to alter or amend. Further we have not been provided, nor have we found, any authority allowing us to find adjudication of a claim by implication as asserted by Mr. Van Hooser's counsel. Because the trial court did not rule on Mrs. Van Hooser's claim of fraud, the judgment is not final, and we lack jurisdiction to adjudicate the issues raised on appeal.

This appeal is dismissed and remanded to the trial court. Costs of this appeal are taxed to the Appellant, Susan McCreight Van Hooser, and her surety, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE